# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                          Case No.:  3:20-CR-42 (GROH)

**TIMOTHY JOHN WATSON**,

    Defendant.

## DETENTION ORDER

On November 17, 2020, came the United States of America by Jarod J. Douglas, Assistant United States Attorney, and came Defendant, Timothy John Watson, in person and by his counsel, Shawn McDermott, Esq., who appeared by videoconferencing for a hearing on the United States Motion to Detain [ECF No. 26], in accordance with the Bail Reform Act, Title 18, United States Code, Section 3142(f). The parties presented evidence and witness testimony was taken.

### A. The Standards

Title 18, United States Code, § 3142(g) provides the specific factors that are to be considered to determine whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. Those factors are:

    1.    The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal

    crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2.  The weight of the evidence against the person;

3.  The history and characteristics of the person, including but not limited to community ties, employment, criminal history, record of court appearance or whether the person was on probation or parole at the time the current offense was committed; and

4.  The seriousness of the danger to any person or the community that would be posed by the person's release.

## B.  Findings of Fact and Conclusions of Law

On November 17, 2020, an indictment was filed against the Defendant charging him with conspiracy to commit offenses against the United States, in violation of 18 U.S.C. 371; unlawfully engaging in the business of manufacturing machineguns, in violation of 26 U.S.C. 5861(a) and 5871; illegal possession and transfer of machineguns, in violation of 18 U.S.C. 922(o) and 924(a)(2) and possession of unregistered firearm silencer, in violation of 26 U.S.C. 5841, 5861(d).

The presumption to detain does not apply in this case.

Based on the evidence presented the Court finds as follows:

1. Defendant is not a serious risk of flight by a preponderance of the evidence.

2. The weight of evidence against the defendant is strong and if convicted, he is subject to lengthy period of incarceration.

3. Defendant's business of selling and manufacturing "portable wall hangers" caters to members of an extremist political movement referred to as

"Boogaloo". His business website encourages the use of false names and ten percent of all his business proceeds for March 2020 were donated directly to a GoFundMe page, "Justice for Duncan Lemp," a known martyr for the Boogaloo movement.

4. These "portable wall hangers" are used to modify semi-automatic assault rifles into fully automatic machine guns. Although there is not evidence that Defendant's "portable wall hangers" were used in certain crimes, one of his clients shot and killed a federal guard. Another of his clients believed he was supplying international terrorists with these "portable wall hangers" when arrested by federal agents. Defendant has over 800 clients in 50 states.

5. Defendant was disgruntled with the IRS because he could not pay his taxes with cash during COVID. Special Agent McNeal testified that there were recordings on electronic devices seized during the investigation where the Defendant states, "Those people need to [f***ing] die." and "Before COVID-19 ends, the world might call me a crazed gun man." Additionally, Special Agent McNeal testified in relation to the IRS incident, that Defendant told his girlfriend, that he was going to "kill 'em", "blow up the building", and/or "deface federal property."

6. There is clear and convincing evidence that Defendant is a danger to the community.

7. Defendant's only criminal history was an arrest in Maryland for having a handgun in his vehicle on April 15, 2018. He was given a probation before

judgement for the offense and successfully completed one year of unsupervised probation, resulting in a dismissal of the charge.

8. Whether there are conditions that can be set to reasonably ensure the safety of the community is the issue. Defendant offers to abide by the strictest conditions on release and his parents have offered to put their home as collateral for bond. Defendant provided numerous character references from those that have known him since childhood. The Court's concern is that the Defendant has changed over the years and his propensity for violence has escalated as is evidenced by his statements. Special Agent McNeal obtained his girlfriend's journal, where she wrote, "What happened to the Tim I used to know and what Tim will I get today." Additionally, the Defendant told his girlfriend that if anyone came to his door for arrest or search warrant [meaning law enforcement], it would not be pretty.

9. At the time of his arrest, Defendant had a loaded gun, three loaded magazines with hollow point bullets, and a knife on his person. A search of his home revealed two loaded hand guns on his nightstand, a loaded rifle beside his bed, and another rifle fitted with a silencer in his bedroom.

10. At the time of his arrest, the Defendant asserted that he was being kidnapped and continued to assert the same in recorded phone calls to his parents from the jail. He also asked his parents to get in touch with his girlfriend because he needed to marry her immediately.

11. It appears from the Defendant's actions and behaviors that he attempts to circumvent rules/laws and that he would not be a good candidate for release under terms and conditions set by this Court.

12. Accordingly, no bond conditions could be set to reasonably ensure the safety of the community.

## C.  Decision

Based upon the evidence presented and the above findings of fact and conclusions of law, the Government's Motion to Detain [ECF No. ECF No. 6, 26] is **GRANTED** and the Defendant's Motion for Pre-trial Release [ECF No. 22] is **DENIED**. Accordingly, it is hereby

**ORDERED** that:

1. Defendant is hereby remanded to the custody of the United States Marshals pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. Any party seeking revocation or amendment of this Order shall file a motion pursuant to 18 U.S.C. § 3145.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: 11/23/2020**

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE