IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

UNITED STATES OF AMERICA,

    v.                                                                Criminal No. 3:20-CR-42

TIMOTHY JOHN WATSON,                                 The Honorable Gina M. Groh

    Defendant.

## DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER AFFIRMING DETENTION ORDER

COMES NOW Defendant Timothy Watson, by undersigned counsel, respectfully moving this Honorable Court to reconsider the order affirming the detention order. In this request for reconsideration, Mr. Watson states as follows:

In affirming the detention order in this case and finding "that no condition or combination of conditions will reasonably assure the safety of any other person or the community," this Court supported this order, in part, on the finding that "[o]ne of the Defendant's customers used one of his products to shoot and kill a federal guard." Order Affirming Detention Order at 4. This finding is factually incorrect, and while it is only one of the findings supporting this Court's decision, Defendant believes that it is a fairly serious finding undergirding this Court's order. Furthermore, even if the correction of this factual statement does not change this Court's decision on the issue of detention, Defendant believes that it is important to correct on the record so that this Court does not have this misapprehension in making any further decisions in this case.

In May of 2020, Steven Carrillo shot two Protective Security Officers at a federal courthouse in Oakland, California, killing one and seriously injuring another. In June of 2020,

1

Carrillo shot and killed a Sheriff's Deputy. There is no evidence that Carrillo used any of Mr. Watson's products in these shootings. Nor is there any evidence that Carrillo had ever used a portable wall hanger in any firearm. The only evidence that the Government has is that Steven Carrillo made a purchase from the portable wall hanger website in January of 2020.

In the initial detention hearing, the Government even proffered evidence from FBI Agent Mark McNeal regarding this:

>    Q. To be fair, there is no evidence that Mr. Carrillo used one of these devices in those shootings?
>
>    A. That's correct.

Detention Hearing Tr. 20.

As such, the factual finding that Carrillo used one of the portable wall hangers in his crimes is incorrect. While this Court may still make the same finding, Defendant believes that this misapprehension is important enough to correct on the record and may, depending upon how much weight this Court placed on this factual finding, change this Court's decision.

WHEREFORE Defendant respectfully requests that this Honorable Court reconsider its order affirming the detention order.

Respectfully Submitted,

TIMOTHY WATSON, DEFENDANT
By Counsel

**/s/ Shawn R. McDermott**
Attorney for Defendant
WV State Bar No. 11264
MillsMcDermott, PLLC
1800 West King Street
Martinsburg, WV 25401
P: (304) 262-9300

F: (304) 262-9310
smcdermott@wvacriminaldefense.com

## CERTIFICATE OF SERVICE

I, Shawn R. McDermott, do hereby certify that I have filed the foregoing Defendant's Motion for Reconsideration of Order Affirming Detention Order using the CM/ECF filing system for the Northern District of West Virginia which will provide electronic service to Assistant United States Attorney Jarod Douglas on this 7th day of March, 2021.

**/s/ Shawn R. McDermott**
Attorney for Defendant
WV State Bar No. 11264
MillsMcDermott, PLLC
1800 West King Street
Martinsburg, WV 25401
P: (304) 262-9300
F: (304) 262-9310
smcdermott@wvacriminaldefense.com