

FILED
MAR 16 2021
U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

**United States Department of Justice**

*United States Attorney's Office*
*Northern District of West Virginia*

| | |
|---|---|
| United States Courthouse<br>1125 Chapline Street<br>Suite 3000<br>Wheeling, WV 26003 | Phone: (304) 234-0100<br>FAX: (304) 234-0111 |

Shawn McDermott, Esq.　　　　　　　　　　　　March 4, 2021
Mills McDermott Criminal Law Center
1800 West King Street
Martinsburg, WV 25401
*VIA E-MAIL DELIVERY*

　　　　　　Re:　United States v. Timothy John WATSON, Criminal Action No. 3:20-CR-42

Dear Mr. McDermott:

　　　　This will confirm conversations with you concerning your client, Timothy John Watson (hereinafter referred to as "Defendant" or "Mr. Watson"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

　　　　It is agreed between the United States and your client as follows:

　　　　1.　Mr. Watson agrees to plead guilty to Count Four of the Indictment, Possession of Unregistered Firearm Silencer, in violation of Title 26, United States Code, Section 5861(d).

　　　　2.　The maximum penalty to which Mr. Watson will be exposed by virtue of his plea of guilty to Count Four is: not more than ten (10) years of imprisonment; a fine of up to $250,000; and a term of supervised release of not more than three (3) years pursuant to Title 26, United States Code, Section 5871 and Title 18, United States Code, Sections 3559(a)(3), 3571(b)(3) and 3583(b)(2). Mr. Watson will also be required to pay a mandatory special assessment of $100.00, (Title 18, United States Code, Section 3013) which must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court. It is also understood that Mr. Watson might be required by the Court to pay the costs of his incarceration.

_____　　　　　　　　03/08/2021
Timothy John Watson, Defendant　　　　　　　Date

_____　　　　　　　　3/8/21
Shawn McDermott, Esq.　　　　　　　　　　　Date
Counsel for Defendant

3.     Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the base offense level is a **Base Offense Level 18** pursuant to Section 2K2.1(a)(5) because the offense involved a firearm described in 26 U.S.C. § 5845(a), specifically a firearm silencer. The parties hereby stipulate and agree that no specific offense characteristics apply.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulations, and if not accepted by the Court, Mr. Watson will not have the right to withdraw his plea of guilty.

4.     Mr. Watson understands that the forfeiture of property will be part of the sentence imposed in this case. Specifically, Mr. Watson agrees to forfeit any and all interest he has of the firearm silencer that law enforcement seized on November 2, 2020 from his Jefferson County, West Virginia residence.

Mr. Watson stipulates that the firearm silencer is property involved in a violation of 26 U.S.C. § 5861. The above property shall be forfeited, at the option of the United States, in a judicial or administrative proceeding. By signing this agreement, Mr. Watson withdraws any prior claim he has filed, and agrees to the entry of a Declaration of Forfeiture.

Notwithstanding any provision in this agreement, any statute, or any rule to the contrary, any property that would otherwise be subject to forfeiture shall not be exempted therefrom because a statement made by the defendant referred to, identified, or led to the identification or location of such property.

The defendant acknowledges that the United States, upon approval of the Court, may conduct discovery for the purpose of identifying and locating assets forfeited to the United States, property traceable to such assets, or assets of the defendant that may be substituted up to the value of the forfeited assets. The defendant agrees to identify any property, regardless of who owns or controls such property, which was involved in the offense conduct, and to identify anything that could be forfeited as substitute property. The defendant further agrees to take all steps as requested by the United States to obtain from any other person, by any lawful means, all records of assets owned by the defendant. The defendant also agrees to execute any deed or other document containing any necessary assurance to effectuate the transfer of title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant further agrees to undergo any polygraph examination the United States may choose to administer concerning such assets, to provide the defendant's tax returns for the previous five years, and to sign consents authorizing the Internal Revenue Service and other taxing agencies to release tax returns and related filings to agents of the United States Attorney's Office.

The defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement, the defendant hereby withdraws any claim the defendant may have filed in any administrative

| | |
|---|---|
| /s/ Timothy John Watson, Defendant | 03/08/2021<br>Date |
| /s/ Shawn McDermott, Esq.<br>Counsel for Defendant | 3/8/21<br>Date |

forfeiture action and agrees to the entry of a Declaration of Forfeiture. The defendant also agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant further waives any failure by the Court to advise the defendant of the applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).

In addition, the defendant voluntarily abandons all right, title, interest, and claim to the following property, in order that the appropriate disposition may be made thereof by any federal, state, or local law enforcement agency having custody of such items:

   a. The 3D-printed items that the United States intends to argue at sentencing constitute machinegun conversion devices for AR-15 style rifles, also known as "drop in auto sears," which law enforcement seized on November 2, 2020 from the defendant's Jefferson County, West Virginia residence;
   b. The 3D printers, 3D printer parts and accessories, and 3D printer supplies, which law enforcement seized on November 2, 2020 from the defendant's Jefferson County, West Virginia residence; and
   c. A United States Postal Service package and its contents, which include items that the United States intends to argue at sentencing constitute machinegun conversion devices for AR-15 style rifles, also known as "drop in auto sears," which was seized from a 2005 Volkswagen Jetta GL on November 2, 2020.

5. As a factual basis for the plea of guilty, the stipulation to the base offense level, and forfeiture, the parties hereby stipulate and agree to the following facts:

On November 2, 2020, at his residence in Jefferson County, West Virginia, Mr. Watson possessed a firearm silencer that was not registered to him in the National Firearms Registration and Transfer Record. The defendant knew that the features or characteristics of the firearm silencer made it an item that needed to be registered to him in the National Firearms Registration and Transfer Record.

_____          03/08/2021
Timothy John Watson, Defendant            Date

_____          3/8/21
Shawn McDermott, Esq.                     Date
Counsel for Defendant

6. Mr. Watson waives any right to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with United States v. Booker, 125 S.Ct. 738 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Mr. Watson further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard.

7. Mr. Watson will be completely forthright and truthful with federal and state officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Watson will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

8. Nothing contained in any statement or any testimony given by Mr. Watson pursuant to Paragraph 7 will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Watson in compliance with this Agreement will be made known to the sentencing Court. However, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Watson's applicable guideline range. This Agreement does not prevent Mr. Watson from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this Agreement. In addition, nothing contained in this Agreement shall prevent the United States from prosecuting Mr. Watson for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of Paragraph 7 above.

9. At final disposition, the United States will advise the Court of Mr. Watson's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. In addition, at the sentencing hearing, the United States will move to dismiss the Counts One, Two, and Three of the Indictment.

10. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should or will be. This Agreement includes nonbinding sentencing recommendations by the United States, pursuant to Rule 11(c)(1)(B). However, Mr. Watson understands that the Court is not bound by these sentencing recommendations, and that he has no right to withdraw his guilty plea if the Court does not follow the sentencing recommendations set forth in this Plea Agreement.

_____  03/08/2021
Timothy John Watson, Defendant    Date

_____  3/8/21
Shawn McDermott, Esq.              Date
Counsel for Defendant

11. The United States will make the following <u>nonbinding</u> recommendations: 1) if Mr. Watson accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should Mr. Watson give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility. In order to be eligible for this timely acceptance of responsibility, **Mr. Watson must execute this Plea Agreement on or before 5:00 p.m., March 8, 2021**, and return or fax an executed copy to the United States by that day and time; and, 3) the United States will recommend a sentence **within the range of 57 to 71 months of imprisonment**.

In support of its sentencing recommendation, the United States intends to present evidence and argument, at sentencing, that the relevant conduct of the offense of conviction involved Mr. Watson's manufacture and transfer of hundreds of machinegun conversion devices for AR-15 style rifles, also known as "drop in auto sears," parts designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, to hundreds of individuals including individuals whom Mr. Watson had reasons to believe were adherents to an extremist political movement referred to as "Boogaloo," a term referencing an impending civil war or violent uprising against the government for perceived incursions on U.S. Constitutional rights, including the Second Amendment. The defendant is free to contest, at sentencing, that these items were machinegun conversion devices and that he had reason to believe that some of the purchasers were adherents to the Boogaloo movement.

12. If, in the opinion of the United States, Mr. Watson either engages in conduct defined under Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to make a truthful debriefing, is found to be deceptive during any polygraph, fails to testify fully and truthfully either at grand jury or any trial, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the Plea Agreement, then the United States will not be bound to make the foregoing recommendations or take the foregoing actions and Mr. Watson will not have the right to withdraw his guilty plea.

13. Mr. Watson is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the following rights, if the Court sentences the defendant to **seventy-one (71) months of imprisonment or less**:

   a. Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s)

_____   03/08/2021
Timothy John Watson, Defendant   Date

_____   3/8/21
Shawn McDermott, Esq.   Date
Counsel for Defendant

- 5 -

to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

b.  The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.  To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

14.   The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Mr. Watson's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Mr. Watson or his counsel.

_____          03/08/2021
Timothy John Watson, Defendant            Date

_____          3/8/21
Shawn McDermott, Esq.                     Date
Counsel for Defendant

15. If the defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

16. The above fifteen (15) paragraphs constitute the entire agreement between Mr. Watson and the United States of America in this matter. **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

        Very truly yours,

        RANDOLPH J. BERNARD
        ACTING UNITED STATES ATTORNEY

By:    Jarod J. Douglas
       Assistant United States Attorney

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____    03/08/2021
Timothy John Watson, Defendant    Date

_____    3/8/21
Shawn McDermott, Esq.    Date
Counsel for Defendant