


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

UNITED STATES OF AMERICA,

v.

Criminal No. 3:20-CR-42

TIMOTHY JOHN WATSON,

The Honorable Gina M. Groh

Defendant.

**DEFENDANT WATSON'S MOTION TO ADVANCE SENTENCING HEARING**

COMES NOW the Accused, Timothy Watson, by undersigned counsel, without objection from the Government, respectfully moves this Honorable Court to advance Mr. Watson's sentencing in this matter. Mr. Watson seeks an order vacating the October 13, 2021 sentencing hearing and resetting it for September 14th, 15th or 16th of 2021, or another date amenable to all parties and to the Court. In support of this motion, Mr. Watson avers as follows:

## I. PROCEDURAL BACKGROUND

Mr. Watson was arrested on November 3, 2020 on a one count criminal complaint in case number 3:20-MJ-127 and has been detained since. On November 17, 2020, a grand jury returned a four (4) count indictment (3:20-CR-42), charging Mr. Watson with conspiracy, unlawfully engaging in the business of manufacturing machine guns, possession and transfer of machine guns, and possession of an unregistered silencer. Trial was set for April 20, 2021.

On March 16, 2021, Mr. Watson pled guilty to Count Four of the indictment, possession of a firearm silencer that was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Mr. Watson entered his guilty plea and a Presentence Investigation Report was ordered to be prepared. Rightfully

concerned about the dangers of holding a public hearing and wanting to ensure all parties had adequate time to prepare given the challenges of the pandemic, this Honorable Court exercised its sound judgment in setting the sentencing hearing for October 13, 2021, at 8:30 a.m., allowing adequate time for the COVID-19 pandemic to subside.

On April 29, 2021, Senior U.S. Probation Officer Jocelyn R. Petsko prepared the Presentence Investigation Report in this matter and computed the U.S. Sentencing Guidelines Total Offense Level as 15, recommending a sentence of 18-24 months. The Government advised it intends to recommend a sentence within the range of 57 to 71 months, dramatically above the Guidelines range. Mr. Watson will seek a sentence below the Guidelines and intends to offer mitigating evidence in support thereof. Since March, when the sentencing hearing was scheduled, the COVID-19 pandemic has come substantially under control in the community at large, through combined social distancing, masking, and vaccination efforts. Mr. Watson, by counsel, now moves this Honorable Court to advance the sentencing hearing to provide finality and allow Mr. Watson to be released onto probation and/or or delivered to the Bureau of Prisons to serve his sentence in a federal facility.

## II. MEMORANDUM IN SUPPORT OF ADVANCING THE SENTENCING DATE IN THIS MATTER

Mr. Watson was charged during the peak of the COVID-19 pandemic, and the proceedings thus far have been greatly affected by the concomitant delays and modifications needed to ensure safety. Mr. Watson's defense team had been unable to obtain expert assistance given concerns about COVID infection and the impediments to travel and personal interaction. At the time Mr. Watson pled guilty, the defense team had been unable to locate a firearms expert or obtain expert psychological evaluations to assist in sentencing. Since the plea, the pandemic's

pressures have lessened, the world appears well on its way to returning to normal, and Mr. Watson's case can proceed to closure in a timely manner.

Now that the pandemic has largely subsided, Mr. Watson is eager to put this matter behind him. The time he has served thus far at Eastern Regional Jail has been particularly harsh given the lock-down, lack of visitation, and failures of medical and jail staff to control the spread of COVID-19. Mr. Watson is prepared to face his sentencing and either be released or dispatched to the Bureau of Prisons as soon as practicable. To that end, Mr. Watson raises the following points toward advancing sentencing in the matter and concluding the case against him.

**A. The risk of COVID-19 spreading at a sentencing event in this matter has now largely subsided, allowing an earlier date to be set safely.**

At the time of the March 16, 2021 plea entrance, the COVID-19 pandemic continued to rage in the Eastern Regional Jail and in the community at large. Mr. Watson was not yet vaccinated at that time, and it was uncertain when or whether he would be. Likewise, his defense counsel was as of yet unvaccinated, making it difficult to set an earlier date that would keep all parties safe from infection. The October 13, 2021 sentencing date appeared necessary to provide time sufficient for the pandemic to subside and public hearings to be safely conducted.

Mr. Watson received his COVID-19 vaccination on May 5, 2021, and defense counsel has also been vaccinated since. With all parties now vaccinated, it is now safer to proceed with the public sentencing hearing in this matter without risk of COVID-19 infection spreading.[1]

**B. Mr. Watson's health and well-being is at great risk while incarcerated at Eastern Regional Jail.**

1 On information and belief, the Court, courtroom personnel, and the prosecutors have all now been vaccinated as well.

Although the pandemic has largely subsided in the community, within the jail, conditions have continued to deteriorate. Overcrowding, insufficient use of masks, inability to allow effective social distancing, and nearly complete lack of medical attention have predominated. Conditions at the jail are dire. The longer Mr. Watson remains incarcerated before sentencing, the more likely he is to experience significant detriment to his health.

**C. The psychological evaluation needed for sentencing had not been completed at the time of the plea due to COVID-related delays.**

Sentencing requires individualized assessment of the character and background of an individual defendant 18 USC 3553. *See also Pa. ex rel. Sullivan v. Ashe,* 302 U.S. 51, 55 (1937) ("For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender."). Psychological evaluations are therefore a cornerstone of effective sentencing presentations. Because of COVID-19, Mr. Watson's psychological expert had been unable to conduct her evaluation of the Defendant at the time he pled guilty. Mr. Watson accepted the prolonged delay until the October 13, 2021 sentencing, in part, because he needed time for his expert psychologist to conduct her evaluation and prepare her report, and it was unclear at the time how long that process would take.

Mr. Watson's psychological evaluation and report have since been completed and thus present no further impediment to advancing the sentencing hearing in this matter. As such, Mr. Watson asks the court to advance sentencing in this matter.

**D. The COVID-19 pandemic prohibited counsel from locating an available firearms expert to assess crucial mitigating evidence at the time the sentencing was set.**

The Government has made clear its intent to seek an upward departure from the Guidelines recommendation based on allegations that Mr. Watson manufactured and sold machine gun parts. *See* Plea Agreement at ¶ 11. Mr. Watson accepts full responsibility for the crime of conviction, possession of a firearm silencer, and he is prepared to be sentenced on that charge in accordance with the plea agreement. He may choose to present evidence to counter the government's arguments that the facts of this case warrant an upward departure from the sentencing guidelines. Given the gravity of the upward departure the Government seeks as a result of its characterization of the parts, expert assistance in understanding and assisting counsel in countering the Government's evidence is critical to Mr. Watson's defense at sentencing.

Because of the COVID-19 pandemic, at the time the plea was entered and the sentencing hearing set, Mr. Watson had been unable as of yet to obtain expert assistance. Defense counsel has since located and retained an expert able to assess the evidence and assist counsel. As such, Mr. Watson no longer requires the additional months of preparation graciously provided by the Court on March 16th and respectfully asks this Court now to advance the hearing.

**E. At the time the sentencing was set, the defense was seeking reconsideration of certain aggravating findings made at the pre-trial detention hearings that needed to be rebutted prior to sentencing.**

When Mr. Watson sought pre-trial release in these matters, there was the same implication that items Mr. Watson had manufactured and sold had been used in the murder of a police officer in California. Such a finding would have been highly aggravating if true. In the time since the sentencing was set, the Government and defense have agreed that no such evidence existed at any time in these matters, and that no parts sold by Mr. Watson have ever been linked to any acts of violence. As that question is now successfully resolved and will no longer be at issue at sentencing,

there is no further need to delay the sentencing proceedings.

III. CONCLUSION

Counsel has conferred with AUSA, Jarod Douglas, who has confirmed he has no objection to this motion to advance the sentencing date.

AUSA, Douglas indicated the 14th, 15th, or 16th of September, 2021 would be best for the Government's schedule.

Mr. Watson has served roughly seven months of incarceration at the time this Motion is filed. There is no prejudice to the Government in advancing the sentencing date. Mr. Watson is prepared to move forward with sentencing at the earliest available date on the court's calendar and accordingly so moves this Honorable Court. As outlined in the local rules, counsel has consulted with AUSA Douglas who has agreed to an advanced sentencing date in early September convenient to the Court.

Respectfully Submitted,

TIMOTHY WATSON, DEFENDANT
By Counsel